**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TIMOTHY DOYLE YOUNG,

 Petitioner - Appellant,

 v.

BUREAU OF PRISONS,

 Respondent - Appellee.

No. 09-1320
No. 09-1337

(D. Colorado)

(D.C. Nos. 09-cv-01275-ZLW
and 09-cv-01456-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

---

 [*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Discussion**

Petitioner and appellant Timothy Doyle Young, proceeding *pro se*, appeals the dismissal of two 28 U.S.C. § 2241 petitions, in both of which he accuses prison officials of committing numerous errors and causing various deprivations in their treatment of him, including the revocation of good time credits. The district court dismissed Mr. Young's petitions because Mr. Young had failed to submit a certified copy of his prison account along with his application to proceed *in forma pauperis*. We affirm the district court in both of these appeals.

Mr. Young is in the custody of the United States Bureau of Prisons ("BOP") and is currently incarcerated at USP Florence. He commenced both of these actions by filing *pro se* § 2241 applications. A magistrate judge instructed Mr. Young to cure certain deficiencies in each action if he wished to pursue his claims. Specifically, the magistrate judge ordered him to either pay the filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (*in forma pauperis* status). Mr. Young was warned that his actions would be dismissed without further notice if he failed to cure the deficiencies in thirty days.

On July 1, 2009, Mr. Young filed the proper court-approved form used in filing a request to proceed pursuant to 28 U.S.C. § 1915. The district court concluded, however, that the Motion and Affidavit were deficient because Mr. Young did not submit a certificate from the warden or other appropriate

officer of his place of confinement, showing the amount of money or securities that he has in any account in the institution, as required pursuant to Rule 3 of the Rules Governing Section 2254 Cases, and as he was directed to do on page two of the § 1915 form. In appeal No. 09-1320, the court further observed:

> The Court notes that Mr. Young states on Page Two of the 28 U.S.C. § 1915 Motion that he is unable to comply and refers to Case No. 07-cv-02240-ZLW . . . Although in Case No. 07-cv-02240-ZLW Mr. Young claimed he was unable to obtain a certified copy of his account statement, the Court determined that Mr. Young refused to follow the prison procedures for obtaining a certified copy of his account statement.

Appeal No. 09-1320 Order of Dismissal at 2, R. Vol. 1 at 408. The court made no such observation in Appeal No. 09-1337. The court then dismissed each of Mr. Young's actions for failure to cure all noted deficiencies. These appeals followed.

## Appeal No 09-1320

On appeal, Mr. Young argues that the district court "relied on false information obtained through ex parte contacts with corrupt officers to dismiss the case." Appellant's Op. Br. at 2. With respect to the district court's observation that, in another case (Case No. 07-cv-02240-ZLW), he had refused to follow prison procedures, Mr. Young responds that "[t]his is a false statement of material fact obtained through ex parte contacts with corrupt Officers." Id. at 3-A. He further asserts, without any support, that the "BOP was withholding

-3-

Inmate Account Statements and the information necessary to comply with § 1915." Id.

The remainder of Mr. Young's brief consists of unsupported and conclusory allegations that the district court judge had: "repeatedly inundated [him] with false warnings in various cases"; "violated the U.S. Constitution and committed Mail Fraud"; and that the district judge and the magistrate judge had committed "criminal acts." Id. at 3-B, -D. He alludes to cases from other parts of the country in which he claims to have proved "the rampant judicial misconduct in Denver." Id. at 3-C.

**Appeal No. 09-1337**

In this appeal, Mr. Young argues, similarly, that various prison officials deliberately prevented him from providing an account statement. He also alleges that certain prison personnel interfered with his briefing in this case, and committed "Mail Fraud, Obstruction of Justice, conspiracy, extortion, etc." Appellant's Op. Br. at 4, Ex. Two. He provides no support for these allegations, other than handwritten "Affidavits" in which he makes similar broad assertions.[1]

---

[1]We note that, while the district court accepted Mr. Young's characterization of this case (Appeal No. 09-1337) as a § 2241 action, by virtue of his using a § 2241 form, this case is more accurately characterized as a Bivens action, challenging the conditions of his confinement. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Section 2241 requires a petitioner to challenge the fact of-not the conditions of-confinement.

(continued...)

**Conclusion**

Accordingly, we agree with the district court that Mr. Young's actions must be dismissed without prejudice for failure to cure the noted deficiencies. For the foregoing reasons, the decisions of the district court are AFFIRMED. All other pending motions, including Mr. Young's motions for leave to proceed on appeal *ifp*, are DENIED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[1](...continued)
See McIntosh v. United States Parole Com'n, 115 F.3d 809, 811-12 (10th Cir. 1997). Perhaps he is attempting to use § 2241 because he is presently subject to the three-strikes bar against filing civil rights actions. See 28 U.S.C. § 1915(g). Furthermore, it appears that Mr. Young is using "magic words" such as "imminent danger" or "loss of good time credits" to permit him to file either civil rights actions or habeas actions. At some point, the district court may want to consider requesting a response from the BOP with respect to whether such allegations are in fact true. And, if the allegations are merely tactical conclusory statements, then consideration should be given to whether or not filing restrictions should be imposed with respect to Mr. Young's prolific litigation. (The records of this court disclose that Mr. Young has filed 11 matters in just the past seven weeks.) Furthermore, as part of his conclusory allegations, Mr. Young claims to have exhausted all administrative remedies. A response from the BOP on this point would be helpful as well.