FILED
United States Court of Appeals
Tenth Circuit

**September 18, 2013**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

TIMOTHY DOYLE YOUNG,

        Petitioner–Appellant,

v.

WARDEN BERKEBILE,

        Respondent–Appellee.

No. 13-1259

(D.C. No. 1:13-CV-01136-LTB)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Petitioner Timothy Young, a federal prisoner proceeding pro se, seeks review of

the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. In his original

petition, Petitioner argued that the Bureau of Prisons had improperly denied him good-

time credits "in direct violation of Policy." (R. at 3.) Petitioner additionally asserted that

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

various prison officials refused to provide him with the necessary habeas corpus forms and continued to withhold his inmate account statement and legal envelopes.[1] After reviewing Petitioner's petition, the magistrate judge issued an order directing Petitioner to cure various deficiencies in his pleading within thirty days. Specifically, the magistrate judge identified the following deficiencies: (1) Petitioner failed to submit a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (2) Petitioner failed to submit a certified statement showing the current balance in his prison account, (3) Petitioner's petition was not submitted on the proper court forms, and (4) Petitioner's "claims challenge the execution of his sentence and [should be] raised in an action filed pursuant to 28 U.S.C. § 2241" as opposed to the general "Habeas Corpus" document Petitioner originally filed. (R. at 8.) The magistrate judge further instructed Petitioner that if he was unable to comply with the order because of the prison officials' alleged refusal to provide the necessary documents and information, Petitioner "must provide evidence that he submitted a request to prison staff for each of the three items and prison staff responded telling him that they would not provide any of the three items." (*Id.*) The magistrate judge concluded by warning Petitioner that "fail[ure] to cure the designated deficiencies within thirty days from the date of this Order" would result in dismissal "without further notice." (R. at 9 (bolding omitted).) Rather than comply with the

---

[1] We previously affirmed the district court's dismissal of a separate § 2241 petition filed by Petitioner because he had failed to file a certified statement showing the balance in his prison account. *Young v. Bureau of Prisons*, 368 F. App'x 889 (10th Cir. 2010).

magistrate judge's order, Petitioner filed an identical pleading to his original petition. He made no effort to comply with the magistrate judge's order to substantiate his repeated allegation that prison officials refused to provide the necessary documents and information. As a result of Petitioner's failure to comply with the order, the district court dismissed Petitioner's petition without prejudice.

Petitioner now appeals, arguing the district court erred in dismissing his petition. He argues only generally that the court's order "ignored the law" (Petitioner's Opening Br. at 4)—particularly that "'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief,'" (*id.* at 3 (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)))— "ignored the facts," and "ignored the grounds for relief" (*id.* at 4). Petitioner, however, makes no attempt to excuse his failure to comply with the magistrate judge's order or his failure to explain to the magistrate judge, if true, why it was impossible to cure the designated deficiencies. After reviewing the record on appeal, and particularly in light of the sparsity of Petitioner's briefing, we see no error in the district court's dismissal of Petitioner's petition. Accordingly, the district court's order is **AFFIRMED**. Petitioner's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge


-3-